DUCKER, JUDGE:
Claimant, Mary Louise Tutlis, alleges that she is entitled to the sum of $9,801.00 as salary or wages due her according to the Federal Fair Labor Standards Act of 1938 for her services as a nurse in the Health Center of Concord College at Athens, West Virginia, during the school years from September 1968 to January 28, 1971, such sum being the difference between the total of the salary paid and the amount she would have received if the College had complied with the wage provisions of that Act.
*115 The claimant’s husband was induced, with the aid of a scholarship and the employment of claimant as a registered nurse in the Health Center of the college, to come to Concord College to play basketball, and the claimant and her husband were rented an apartment of the College adjacent to the Health Center quarters at the low rental of $45.00 per month and a salary to the claimant of $240.00 per month for the first year and $250.00 per month thereafter. Claimant was to be considered “on call” for emergencies and other health services from five o’clock in the evening until eight o’clock in the morning each day when the day nurse came on duty, and on full time duty every other weekend, and on Saturday of such weekends she was required to be in the health office three hours seeing patients and sterilizing equipment.
After the termination of claimant’s employment at the College, she received information that she had a claim against the College under the Fair Labor Standards Act, and upon being advised that the Federal Authorities would not prosecute her claim, and upon being further advised by counsel that if she brought suit in other Courts the State could claim constitutional immunity, she brought action here. Since claimant’s employment was terminated, the College agreed to comply with the Wage and Hour Act, and claimant apparently feels that such fact is justification for her claim here. What the College does or has done under possible or probable different conditions or circumstances cannot be the basis for prior claim.
There is no conflict in the evidence and we need only to construe and apply the law to the facts. There was never any complaint made by the claimant about her salary or of any dissatisfaction on the part of claimant as to the services she was required to render, and it is apparent that both the College and the claimant were in complete agreement in the matter during the whole period of the employment. The only question is one of possible technical liability under the Wage and Hour Act, not what the parties should in good conscience and sensitive ethics think should be done. While this Court does not like to resort to passing upon morals, it nevertheless cannot refrain from expressing thoughts of unfairness in the conduct of the claimant whose husband was given a scholarship and provided with an apartment at a rent about one-half its worth and the claimant paid a fair salary, and who after all agreements have been fulfilled in good faith and satisfaction, later feels she is justified in enforcing the technical re *116 quirements of a statute. The claimant would most probably never have been brought into employment at Concord College, if the possibility of this claim had occurred to the College officials.
While the language of the statute creating this Court provides for the Court to hear and determine cases which in equity and good conscience the State should pay, and likewise not to hear cases which are not of such nature, the intention of the statute is to give this Court jurisdiction in all cases which but for constitutional immunity could be maintained in other courts of the State. This case could, but for the constitutional immunity, be brought in the other courts, and individual and corporate defendants in similar cases required to pay claims of this nature in accordance with the Federal statute. We are therefore constrained to apply such principle in this case, and decide the matter on the basis of such principles. A decision on any other basis would, in our opinion, be not only contrary to the intent of the statute to put claims against the State on the same basis as claims against others, but would defeat its manifest purpose of providing a place of remedy for such claims.
The claimant has based her claim on all the hours involved in her “on call” as well as her full weekend time, and although her duties were practically minimal for emergencies and other services, we are constrained to hold that inasmuch as she was required to be available at all times during her five o’clock evening to eight o’clock morning periods she was restrained in her activities and her salary was based upon such limited services. However, this Court is of the opinion that, if claimant considers justified in claiming all technical benefits of the wage scale of $1.60 per hour, and $2.40 per hour for overtime, then we consider it only fair to now consider the claimant as entitled to such compensation as she would have received as a registered nurse exempt as a professional under the Regulations of the Fair Labor Standards Act receiving at least $125.00 per week. By applying the basis of $125.00 per week, the amount which claimant would have received, according to a calculation made by Kevin O’Sullivan, who was in charge of the health services at the College, would have been $11,382.60 for the period of the claim not barred by the two year statute of limitations. The amount she was actually paid on her salary basis was $5,210.00. The difference between such amounts is $6,172.00.
*117 For the reasons herein stated, we are of the opinion the claimant is entitled to only the amount of the difference as indicated, and we hereby award claimant the amount of such difference, namely, $6,172.00.
Award of $6,172.00.*

 The 1973 Legislature did not include this award in the Claims Bill; therefore, this claim has not been paid.